UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| LETRICIA L. RIVAS,<br><br>    Plaintiff,<br>v.<br><br>DOLLAR FINANCE COMPANY.<br><br>    Defendant. | CASE NO. 7:21-cv-00375 |

## COMPLAINT

**NOW COMES** Plaintiff, LETRICIA L. RIVAS, by and through her undersigned counsel, complaining of Defendant, DOLLAR FINANCE COMPANY, as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## PARTIES

2.     LETRICIA L. REYES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in St. Edinburg, Texas 78542.

3.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

5.     DOLLAR FINANCE COMPANY.  ("Defendant") is a corporation organized within Texas.

1

6. Defendant maintains its principal place of business at 2012 N. Raul Longoria Stc-C San Juan, TX 78589.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4425.

10. At all times relevant, Plaintiff's number ending in 4425 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. Due to financial hardship, the Plaintiff allegedly fell behind on her scheduled payments to Defendant thus incurring an alleged debt ("subject debt").

13. Defendant mainly uses the phone numbers (956) 783-8803, (956) 383-5691 and (956) 601-0676 when placing phone calls to the Plaintiffs' cellular phone. Upon information and belief, Defendant uses other phone numbers to contact Plaintiff's cellular phone.

14. Plaintiff recalls the calls starting in our around August of 2021, however it may have been prior to August as well.

15. On multiple occasions, Plaintiff answered Defendant's calls and was met by an approximate three-second pause and was required to say hello numerous times prior to being connected to a live agent.

16. Once Plaintiff was connected with Defendant's representative she informed them of her situation, specifically end the calls with a request that Defendant stop contacting her.

17. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

18. On September 6, 2021, Plaintiff responded to one of Defendant's phone calls and requested the calls to stop.

19. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff.

20. In total, Defendant placed no less than 20 harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

22. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

23. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

26. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

27. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

28. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 20 nonemergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

29. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during answered calls.

30. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

31. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

32. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

33. Upon information and belief, Defendant knew its collection practices violated the

34. TCPA, yet continued to employ them in order to maximize efficiency and revenue.

35. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

36. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227

37. (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

39. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

      (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

40.    Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with Plaintiff.

41.    Defendant's continuous phone calls were made with intent to harass Plaintiff and coerce payment.

42.    Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex.

43.    Fin. Code Ann. § 392.403, which provides:

(a)    A person may sue for:

    (1)    injunctive relief to prevent or restrain a violation of this chapter; and

    (2)    actual damages sustained as a result of a violation of this chapter.

(b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: September 28, 2021                                     Respectfully submitted,

**LETRICIA L. RIVAS**

By: */s/ Victor T. Metroff*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com